UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

July 22, 2010

Ronald Horowitz
Attorney At Law
Tindall Professional Plaza
14 Tindall Road
Middletown, NJ 07748

    (*Attorney for Plaintiff Alliance Shippers, Inc.*)

Benjamin S. Holzer
Friedman Kaplan Seiler & Adelman
One Gateway Center
25th Floor
Newark, NJ 07102

    (*Attorney for Defendant Blue Line Distribution Ltd.*)

    **RE:**    **Alliance Shippers, Inc. v. Blue Line Distribution, Ltd.**
            **Civ. No. 09-6243 (WJM)**

Dear Counsel:

    This matter comes before the Court on Defendant Blue Line Distribution, Ltd.'s ("Blue Line's") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Alliance Shippers, Inc. ("Alliance") opposes this motion. There was no oral

argument. Fed. R. Civ. P. 78. For the reasons stated below, Defendant's motion is **GRANTED**.

I.      BACKGROUND

Plaintiff Alliance, a New Jersey corporation and Defendant Blue Line, a Canadian corporation, entered into a written agreement whereby Alliance would help Blue Line with its shipping needs. (Compl. ¶ 3, ECF No. 1.) Both sides were unsatisfied with the performance of the other party, and on November 5, 2008, Blue Line filed suit against Alliance in the Canadian Court system for breach of contract ("the Ontario Action"). (Holzer Decl., Ex. A ¶ 5, 15, ECF No. 12.)

Shortly thereafter, Alliance commenced a separate suit in New Jersey Superior Court ("the State Court Action"), which named Blue Line as a defendant. (*Id.* at Ex. A ¶ 32,46, Ex. C at Counts One-Five, ECF No. 12.) Blue Line moved to dismiss the State Court Action on comity grounds.[1] (*Id.* at Ex. E at 5.) Alliance opposed the motion, and presented numerous arguments in support of its opposition. (*See id.* at Ex. E.) In its July 31, 2009 recorded opinion, the New Jersey Superior Court found that: "the [Ontario and State Court] actions are substantially similar as to parties, claims and issues. The claims arise out of the contract between Blue Line and Alliance. [And t]he issue is the same in the New Jersey case as in the Canadian case." (*Id.* at 10.) Accordingly, the Superior Court dismissed the State Court Action on comity grounds in favor of the earlier filed Ontario Action. (*Id.* at Ex. D.) On October 12, 2009, Alliance moved for reconsideration of the Superior Court's dismissal (*Id.* at Ex. F), which was denied on November 13, 2009, after the Superior Court heard oral argument. (*Id.* at Ex. G.)

On December 12, 2009, one month after its motion for reconsideration was denied in Superior Court, Alliance filed the present suit in District Court. In the present suit, Blue Line is the only named defendant, and Alliance asserts claims against Blue Line arising from the same contractual dispute that was the subject of the State Court Action. (Compl. at Count One ¶ 5, Count Four ¶ 2.) In short, the present complaint is functionally identical to the State Court Action. In fact, there are several passages in the present complaint which are verbatim copies of passages in the State Court Action's complaint. (*See* Def.'s Br. p. 7, ECF No. 12.)

---

[1] Principles of international comity permit a court, in its discretion, to dismiss or stay a case in deference to a parallel foreign proceeding. *Lexington Ins. Co. v. Forrest*, 263 F.Supp.2d 986, 1002 (E.D.Pa. 2003).

**II.     DISCUSSION**

Before the Court now is Defendant Blue Line's motion to dismiss. By way of this motion, Blue Line has properly raised the defense of *res judicata*.² *The Connelly Found. v. School Dist. Of Haverford Twp.*, 326 F.Supp. 241 (E.D. Pa. 1971) *aff'd* 461 F.2d 495 (3d Cir. 1972).

**A.     The Doctrine of Res Judicata**

When a prior case has been adjudicated in state court, federal courts must give full faith and credit to the state court's judgment. 28 U.S.C. § 1738; *Balthazar v. Atlantic City Med. Ctr.*, 279 F.Supp.2d 574, 584 (D.N.J. 2003). The doctrine of *res judicata* embodies this principal and bars re-litigation of an issue that has already been determined on the merits by a court of competent jurisdiction. *Balthazar* at 585. In order for *res judicata* to apply, there must [1] be a valid, final judgment on the merits in the prior action, [2] the same parties in both actions, and [3] the claim in the second action must arise out of the same transaction as the claim in the first action. *United States v. 5 Unlabled Boxes*, 572 F.3d 169, 173 (3d Cir. 2009); *EEOC v. United States Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990).

Alliance does not dispute that the State Court Action and the present suit involve the same parties and arises out of the same contractual disagreement that was the subject of the State Court Action. The only argument Alliance presents for why *res judicata* should not bar this court from hearing the present action is that the Superior Court's dismissal was without prejudice, and therefore, was not a valid final judgment <u>on the merits</u>. (Pl.'s Letter Br., ECF No. 19 (emphasis in original).)

Alliance contends that because the State Court Action was dismissed on comity grounds, Alliance's substantive contractual claims were never decided, and accordingly, this was not a final adjudication on the merits. *Id.* Alliance's contention is misplaced. A judgment will be "on the merits" if a claim is decided after trial of the substantive issues underlying that claim. *See, e.g. Keith v. Itoyama*, No. 06-424, 2006 WL 3069481 at *14

---

² There is often confusion as to the precise definitions of *res judicata* and collateral estoppel. To clarify, the term *res judicata*, when used narrowly refers to claim preclusion; the term collateral estoppel, on the other hand, customarily refers to issue preclusion. For the purposes of this Letter Opinion, the Court intends that use of the term res judicata be understood as encompassing both claim and issue preclusion, the preferred usage of that term in this Circuit. *United States v. 5 Unlabled Boxes* at 173-174.

(D.N.J. Oct. 27, 2006) (citations omitted).  Alliance's contract claims were never decided in the State Court Action because prior to adjudicating those claims, the parties litigated the threshold issue of whether the doctrine of comity precluded the Superior Court from hearing the case in light of the pre-existing Ontario Action.  Ahead of the Superior Court's recorded opinion dismissing the matter, both parties filed motion papers on the issue of comity.  Plaintiff then filed a motion for reconsideration, which the Superior Court denied following oral argument and additional briefing.  In short, Alliance had a full and fair opportunity to litigate that issue in Superior Court.  On these facts, the Superior Court considered the substantive issues of whether to apply the doctrine of comity, and its dismissal was clearly on the merits.   Accordingly, the Court must give full faith and credit to the Superior Court's judgment.  That Alliance is unsatisfied with the result in the State Court Action does not entitle it to now bring the same matter to federal court and hope for a better result.  *See, Montana v. United States*, 440 U.S. 147, 153-154 (1979). That the Superior Court's dismissal was without prejudice does not change this Court's analysis.  *See, e.g. Kitches v. Wood*, 917 F.Supp. 338, 341 (D.N.J. 1996).

## III.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** and Plaintiffs' Complaint is dismissed in its entirety with prejudice.  Dismissal with prejudice is warranted here because no set of amended pleadings would cure the preclusive effect of the Superior Court's decision on the threshold issue of comity.  *See In re Burlington Coat Factory Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (stating that amendment is deemed "futile" where the complaint, as amended, would fail to state a claim upon which relief could be granted.").  An Order accompanies this Letter Opinion.

 /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**